IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONNIE SMITH                                                                                           PLAINTIFF

v.                      Civil No. 05-4080

DANNY ORMAND, Sheriff;
THEARTIS EARLY, Investigator;
and JAMIE WHITAKER                                                                              DEFENDANTS

**ORDER**

This is a civil rights action filed by the plaintiff pursuant to 42 U.S.C. § 1983. The plaintiff proceeds pro se and *in forma pauperis*. The plaintiff is an inmate of the Arkansas Department of Correction.

Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

According to the complaint (Doc. 1) and addendum (Doc. 10), on October 1, 2005, Smith was involved in an automobile accident and sustained minor injures. To obtain help, Smith alleges he had to leave his vehicle to call the police and an ambulance.

Officer Jamie Whitaker then arrived on the scene. Smith spoke with Whitaker. Smith told Whitaker that Smith had wrecked his car and indicated where it was located. Smith then got into the ambulance and was taken to the hospital.

When Smith was released from the hospital, Whitaker was waiting for him. Whitaker told Smith a gun had been found on the backseat of his car. Smith was arrested and charged with criminal possession of a firearm. Smith contends the search of his vehicle was illegal. Moreover,

-1-

he maintains he never had a gun in his car. Smith indicates the officer merely said Smith had a gun in his car in order to get Smith's parole violated. Smith indicates the charges were dropped by Chief Victor Rose two days later and Smith was released.

On October 8, 2005, Smith indicates he got in a argument with his brother. As a result of the argument, Smith's brother called the police. Smith was taken to jail. Upon his arrival, Smith maintains he was pushed down by Thomas Eachers, a jailer.

On October 12, 2005, when Smith went to court, he states he discovered that Thomas Eachers had provided a written statement to Investigator T. Early. In the statement, Eachers said that Smith stated the reason he had a knife was because the police had taken his gun. Smith denied he ever had a knife. Instead, he says there was a knife in the trash can on his porch. According to Smith, Early filed charges against Smith for public possession of a firearm on October 1, 2005, without first investigating the incident. Smith claims Sheriff Ormand allowed this to occur. As relief, Smith seeks damages in the amount of $50,000 from each of the defendants for emotional distress and mental anguish.

On November 2, 2005, Smith's parole was violated because of his possession of the gun. On November 8, 2005, a criminal information was filed in the Lafayette County Circuit Court, Cr. 2005-72-1 charging Smith with possession of a firearm by certain persons. On April 10, 2006, Smith plead guilty and was sentenced to a term of imprisonment of thirty-six months.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

AO72A
(Rev. 8/82)

As Smith is currently serving a term of imprisonment on the conviction of possession of a firearm, *Heck* bars this lawsuit. The case is therefore not presently cognizable under § 1983 and is hereby dismissed.

IT IS SO ORDERED this 27th day of October 2006.

/s/ Harry F. Barnes
HON. HARRY F. BARNES
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)